UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Abubakah C. Kromah

v.                                    Civil No. 11-cv-525-JD

Strafford County Department
of Corrections

                            O R D E R

     Abubakah C. Kromah, proceeding pro se, filed a complaint on
November 14, 2011, against the Strafford County Department of
Corrections, alleging claims pursuant to 42 U.S.C. § 1983 that
arose from the treatment of his broken finger.  Kromah's motion
to proceed in forma pauperis was granted.  On April 6, 2012, the
court received notice from the Merrimack County Department of
Corrections that Kromah had been released to the Federal Marshals
on March 13, 2012.  Because Kromah failed to notify the clerk's
office of his change of address, as required by Local Rule
83.6(e), his case was dismissed without prejudice on April 20,
2012.

     Kromah wrote to the court in June, inquiring about his case.
The clerk of court responded to his letter, explaining that
because he had not kept the clerk's office apprised of his
address, his case had been dismissed without prejudice.

     On August 2, 2012, Kromah sent a letter to the clerk of
court, asking that his case be reopened, and stating that he was

at Moshannon Valley Correctional Center.  Kromah sent a second
letter that was received by the court on September 10, 2012, in
which he stated that he was at York County Prison and asked for
paperwork from the court in order to reopen his case.  Both
letters are deemed to be motions to reopen his case.

Based on Kromah's motions, it appears that he was being held
at Moshannon Valley Correctional Center, which is in
Phillipsburg, Pennsylvania, but is now being held at York County
Prison.  The court has determined that York County Prison is
located at 3400 Concord Road, York, Pennsylvania.

Kromah's case was dismissed without prejudice due to his
failure to update his address.  Kromah has contacted the court
and indicated that he wants to do what is necessary to reopen his
case.  However, he has not sent notice to the clerk of court of
his current address, other than the descriptions of his transfers
in his motions.

It would be appropriate in this case to give Kromah an
opportunity to comply with Local Rule 83.6(e), by providing
notice of his current address, and to set aside the judgment
pursuant to Federal Rule of Civil Procedure 60(b)(6) if Kromah
sends the required notice.

2

## Conclusion

For the foregoing reasons, the plaintiff's motions to reopen his case (documents no. 17 and 18) are granted provided the plaintiff notifies the court of his current address **on or before September 28, 2012.**

If the required notice is received within the time allowed, the judgment will be set aside and the case will proceed. If the notice is not received within the time allowed, the case will remain closed.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

September 12, 2012

cc: Abubakah C. Kromah, pro se

3