**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Abubakah C. Kromah

    v.                                   Civil No. 11-cv-525-JD

Strafford County Department
of Corrections


## REPORT AND RECOMMENDATION


Abubakah Kromah has filed a complaint (doc. no. 1), and addendum thereto (doc. no. 6),[1] asserting an action under 42 U.S.C. § 1983, against unnamed officials at the Strafford County Department of Corrections ("SCDOC") for constitutional violations that Kromah alleges occurred while he was a pretrial detainee at that facility.  The matter is before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).


### Standard of Review

Pursuant to LR 4.3(d)(2) and § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis prisoner complaints before defendants have an opportunity to

---

[1]The original complaint (doc. no. 1) and the complaint addendum (doc. no. 6) will be considered, together, to comprise the complaint in this matter for all purposes.

respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se prisoner complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

Applying this standard, the court construes and summarizes Kromah's claims as follows.

2

**Discussion**

I. <u>Medical Care</u>

Kromah states that, on October 22, 2011, Kromah's hand was shut in a cell door at the SCDOC.  Kromah advised an officer on duty that his finger was sliced and needed medical attention. SCDOC staff provided Kromah with a Band-Aid, but did not immediately obtain further medical care for him.  Approximately three hours later, Kromah was seen by a nurse who cleaned and wrapped his injured finger.  The following day, Kromah was denied a dose of Tylenol.  Six days later, x-rays revealed a "compound fracture" of Kromah's finger.  Four days after the injury, Kromah was told by an unnamed medical provider that if he had been seen immediately, a procedure involving "drilling" Kromah's finger could have been performed to help alleviate Kromah's pain.  Although Kromah was told he would be taken to a hospital to be seen by a doctor, as of November 9, 2011,[2] that had not occurred.  Kromah asserts that for at least two months following the injury, he experienced pain, had difficulty in using his hand, and lost the fingernail on the injured finger.

---

[2]Kromah filed his initial complaint (doc. no. 1) on November 14, 2011, and an addendum to the complaint (doc. no. 6) on December 6, 2011.  On April 20, 2012, the case was dismissed without prejudice, <u>see</u> doc. no. 13, due to Kromah's failure to keep the court apprised of his address.  The case was reopened (doc. no. 21), on Kromah's motion, on September 26, 2012, but no further addendum to the complaint has been filed.

Kromah alleges that his rights were violated by the failure of SCDOC officials to provide him with adequate care for his finger injury.  A pretrial detainee's right to adequate medical care during his incarceration arises under the Fourteenth Amendment's Due Process Clause, and "the standard applied under the Fourteenth Amendment governing the claims of pretrial detainees is the same as the Eighth Amendment standard governing the claims of convicted inmates."  Leavitt v. Corr. Med. Servs., 645 F.3d 484, 497 n. 21 (1st Cir. 2011) (quoting Ruiz-Rosa v. Rullán, 485 F.3d 150, 155 (1st Cir. 2007)) (internal punctuation omitted).

In order to state a constitutional claim for the denial of medical care, an inmate must allege that defendants have committed "acts or omissions . . . sufficiently harmful to evidence deliberate indifference to serious medical needs." Leavitt, 645 F.3d at 497 (internal quotation marks and citation omitted).  In making such a claim, a plaintiff must satisfy both a subjective and objective inquiry.  See id.  "Deliberate indifference . . . may be shown by the denial of needed care as punishment and by decisions about medical care made recklessly with actual knowledge of impending harm, easily preventable." Ruiz-Rosa, 485 F.3d at 156 (internal quotation marks and citation omitted).  To act, or fail to act, with deliberate

4

indifference, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Leavitt, 645 F.3d at 497; (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

For purposes of this preliminary review, the court assumes that Kromah's compound fracture is sufficient to constitute a serious medical need.  The court thus considers whether the assertions in the complaint show deliberate indifference.

Essentially, Kromah complains that: two officers were oblivious to his needs, nursing care was not provided until three hours after his injury, he was denied Tylenol on one occasion, and he did not see a doctor in the first several weeks after his injury.  Kromah has failed to allege that any officer or medical care provider at the SCDOC was actually aware of his serious medical need, and despite that awareness, failed to provide necessary medical care with the intent to cause Kromah harm, or to inappropriately punish him.  Accordingly, Kromah has failed to state an inadequate medical care claim upon which relief might be granted.

II.  Failure to Protect

Kromah alleges that shortly after he arrived at the SCDOC, his codefendant, who was housed in Kromah's unit, advised other

5

inmates on the unit that Kromah had cooperated with the police in his criminal case.  The other inmates threatened to attack Kromah if he did not leave the unit.  It appears that Kromah was able to transfer to a different unit at that time.  Eventually, inmates from Kromah's new unit heard that Kromah had cooperated with the police, and they too threatened to attack Kromah. Kromah asserts that he did not tell any SCDC official about the problem for fear that the officers would put him at further risk by talking about the situation to other inmates.

The constitution requires prison officials to take "reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832.  To establish a constitutional claim that jail officials failed to protect him from harm, an inmate must assert facts to demonstrate that, objectively, he was incarcerated "under conditions posing a substantial risk of serious harm," and that the involved prison officials knew of and disregarded the excessive risk to the inmate's safety.  Id. at 834.

Kromah concedes that he did not tell any SCDOC official that he was at any risk of harm, and no other facts asserted give rise to an inference that any SCDOC officer was actually aware of such a risk.  Accordingly, as Kromah does not allege than any jail official knew of and disregarded a risk to

Kromah's safety, the alleged failure of jail officials to protect him from harm is not actionable under § 1983.

### III.  Denial of Food

Kromah states that he is unable to eat pork due to his religious beliefs.  Kromah alleges that on two occasions at the SCDOC, he was served a "Hot Pocket" containing pork, and was not given an alternative meal.  On both occasions, Kromah states that he did not eat the pork and was thus deprived of a meal.

Kromah claims that he was subject to an unconstitutional deprivation of food at the SCDOC.  Prisoners must be provided with "nutritionally adequate food."  See Querido v. Wall, C.A. No. 10-098 ML, 2010 WL 5558915, at *5 (D.R.I. Dec. 8, 2010). Nothing in Kromah's allegations comes close to alleging that he was denied a nutritious diet, or that the denial of two meals subjected him to any harm or risk of harm.  The allegations are thus insufficient to state a claim for the denial of food.

### IV.  Unanswered Grievances

Kromah claims that SCDOC officials failed to respond to administrative grievances he filed concerning his medical care and the denial of food.  "[T]here is no independent constitutional right to state administrative grievance procedures.  Nor does the state's voluntary provision of an

administrative grievance process create a liberty interest in
that process."  While a prisoner has a First Amendment right to
express his grievances to prison officials, he has no right to a
particular grievance system, or to any response to his
expression.  See Navarro v. Wall, C.A. No. 09-223 ML, 2011 WL
1630035, *3 (D.R.I. Mar. 22, 2011), report and recommendation
adopted by, 2011 WL 1625050 (D.R.I. Apr. 28, 2011).
Accordingly, Kromah has failed to state a claim upon which
relief might be granted concerning his unanswered grievances.

### Conclusion

For the foregoing reasons, the court finds that Kromah has
failed to state any claim upon which relief might be granted,
and recommends dismissal of the complaint in its entirety.  Any
objections to this report and recommendation must be filed
within fourteen days of receipt of this notice.  See Fed. R.
Civ. P. 72(b)(2).  Failure to file objections within the
specified time waives the right to appeal the district court's
order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57
(1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch.
Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st
Cir. 2010) (only issues fairly raised by objections to
magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

January 31, 2013

cc:  Abubakah C. Kromah, pro se

LBM:jba